UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRIS LUSBY TAYLOR, NANCY A.
PEPPLE-GONSAVLES, GARY KESSELMAN,
SUSAN SWINTON, DAWN E. STRUCK,
and WILLIAM J. PALMER, as
taxpayers, and on behalf of
themselves and other persons
similarly situated,

        NO. CIV. S-01-2407 WBS GGH

    Plaintiffs,

  v.

        ORDER

JOHN CHIANG, in his capacity
as CONTROLLER OF THE STATE OF
CALIFORNIA, and STEVE WESTLY,
individually,

    Defendants.

----oo0oo----

The court heard plaintiffs' motion for a temporary restraining order and application for an order to show cause re contempt on August 20, 2007. Plaintiffs have presented nothing to persuade the court that the existing preliminary injunction is insufficient or that defendants should be adjudged in contempt.

1

1  Plaintiffs' suggestion that the Controller is
2 continuing to accept unclaimed property is based on a misreading
3 of the Controller's records.  The "date received" refers the date
4 the Controller received the <u>invoice</u> for services rendered by
5 contractors.  The date the Controller received the <u>property</u> is
6 listed as the "delivery date."  According to the submitted
7 records, the delivery date of all stock or cash from Affiliated
8 Computer Services ("ACS") was before the date of the preliminary
9 injunction.

10  The fact that the Controller entered into a contract
11 with ACS to collect property under the California Unclaimed
12 Property Law ("UCL") prior to the preliminary injunction is not
13 evidence that ACS has continued to receive and/or hold property
14 for the State in violation of the injunction.  The uncontroverted
15 declarations of Robert Huarte and Jeffrey Brownfield establish
16 that the State has not accepted any property that would otherwise
17 be subject to escheat after May 31, 2007.

18  The existing preliminary injunction, which extends to
19 all agents of the Controller, is sufficient to enjoin ACS from
20 accepting or taking title to or possession of any property
21 pursuant to the UCL.  If ACS continues to take custody of or
22 title to property on behalf of the Controller or the State of
23 California, as plaintiffs suggest, plaintiffs have not yet
24 presented any evidence to show that is happening.

25  Plaintiffs' suggestion that the Controller's employees
26 are altering records is based on an intra-office email on August
27 3, 2007.  As explained in defendants' opposition to the motion,
28 that email is simply a request to put together information in

2

1 | response to an audit ordered by the Controller himself.  All of
2 | the original records from which that information will be compiled
3 | remain on the Controller's mainframe computer.
4 |         Finally, plaintiffs' complaints regarding the
5 | legislation being proposed by the Controller are premature.  The
6 | legislature has not yet acted on any proposals.  The court must
7 | wait until legislation has been enacted before ruling on its
8 | constitutionality.
9 |         IT IS THEREFORE ORDERED that plaintiffs' application
10 | for an order to show cause re contempt and motion for temporary
11 | restraining order be, and the same hereby are, DENIED.
12 | DATED:  August 21, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE