THE LAW OFFICES OF WILLIAM W. PALMER
    WILLIAM W. PALMER – State Bar No. 146404
1241 Carter Road
Sacramento, California 95864
Telephone : (916) 972-0761
Facsimile: (916) 972-0877

Attorney for Plaintiffs Chris Lusby Taylor, Nancy A. Pepple-Gonsalves, Gary Kesselman, Susan Swinton, Dawn E. Struck, and William J. Palmer

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LUSBY TAYLOR, NANCY A. PEPPLE-GONSALVES, GARY KESSELMAN, SUSAN SWINTON, DAWN E. STRUCK, and WILLIAM J. PALMER<br><br>As Taxpayers, and on behalf of themselves and other persons similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>JOHN CHIANG, individually and in his capacity as STATE CONTROLLER OF THE STATE OF CALIFORNIA; STEVE WESTLY, individually<br><br>    Defendants. | Case No.:  CIV. –S-01-2407 WBS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR INTERIM FEE AWARD**<br><br>Hearing:<br>Date:    October 15, 2007<br>Time:    2:00 p.m.<br>Courtroom: 5<br><br>(The Hon. Judge William B. Shubb) |

**PLAINTIFFS' NOTICE OF MOTION
AND MOTION FOR INTERIM FEE AWARD**

NOTICE IS HEREBY GIVEN that, on **October 15, 2007**, at 2:00 p.m., or as soon thereafter as the matter may be heard, in this Court, located at 501 I Street, Sacramento, California, Courtroom 5, Plaintiffs and Class Representatives Plaintiffs Chris Lusby Taylor, Nancy A. Pepple-Gonsalves, Gary Kesselman, Susan Swinton, Dawn E. Struck and William

J. Palmer (collectively, "Plaintiffs"), through their counsel, move pursuant to 28 U.S.C. §1988 for an interim award of attorneys' fees and costs to be paid promptly by defendants John Chiang, the Controller for the State of California, and Steve Westly, the former Controller for the State of California (collectively, "Controller" or "Defendants").

As grounds for their Motion, Plaintiffs note that under 28 U.S.C. §1988, a prevailing plaintiff is entitled to recover attorneys fees for violations of federal rights vindicated pursuant to 28 U.S.C. §1983. In *Hanrahan v. Hampton*, 446 U.S. 754 (1980), the United States Supreme Court, looking to the legislative history of 28 U.S.C. §1988, observed that the plaintiff qualifies as a prevailing party and is eligible for an interim fee award when the plaintiff establishes at an interlocutory stage of the litigation "his entitlement to some relief on the merits of his claims." (*Id.* at 757.) The plaintiff becomes a prevailing party under §1988 when he or she has "established the legal liability of the opposing party, although final remedial orders had not been entered," or by winning on the merits of one claim, even though other claims remain to be resolved. (*Id.* at 757-58.)

In this case, Plaintiffs became the "prevailing party" when, as a direct result of this litigation, including the Preliminary Injunction entered by this Court at the direction of the Ninth Circuit Court of Appeals, the California legislature enacted SB 86, which fundamentally changes the notice provisions of California's Unclaimed Property Law, Cal. Code of Civil Procedure §§1300 *et seq.* to provide for notice *before* the Controller takes custody of unclaimed property. While this Court has not yet ruled on whether SB 86 is adequate to satisfy Due Process, and while Plaintiffs seek additional relief, this result is sufficient to establish legal liability of Defendants and to establish Plaintiffs as the "prevailing party."

In addition, because of the exceptional results obtained by Plaintiffs' counsel and because of the nearly six-year duration of the proceedings in this case, Plaintiffs seek a 60% enhancement to the lodestar value of their fees.

Plaintiffs' Motion will be based on the Memorandum of Points and Authorities filed herewith, the Declaration of William W. Palmer, Esq. and the attachments thereto, and the Declaration of Brian D. Boydston, Esq. and the attachment thereto.

For the reasons set forth above, Plaintiffs move the Court pursuant to 28 U.S.C. §1988 for an interim award of attorneys' fees and costs, with a 60% enhancement increase to the lodestar value of the attorneys' time to date. In addition, Plaintiffs move this Court to enter judgment against Defendants promptly with an order to pay all amounts so awarded within ten (10) days of the entry of judgment, and to include an award of post-judgment interest and an award of all fees and costs incurred in enforcing such judgment.

Dated: September 18, 2007              Respectfully submitted,

                                       LAW OFFICES OF WILLIAM W. PALMER


                                       ___/s/_____
                                       William W. Palmer

- 2 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERIM FEE AWARD

**PROOF OF SERVICE**

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is 1241 Carter Road, Sacramento, CA 95864.

On **September 18, 2007**, I served the foregoing documents described as:

- Plaintiffs' Notice of Motion and Motion for Interim Fee Award;
- Memorandum of Points and Authorities in Support of Motion for Interim Fee Award
- Declaration of William W. Palmer in Support of Motion for Interim Fee Award
- Declaration of Brian D. Boydston in Support of Motion for Interim Fee Award.
- Proposed Order

on all interested parties in this action by placing [ ] the original  [ ]a true copy thereof enclosed in sealed envelopes addressed as follows:

> Robin B. Johansen, Esq.
> James C. Harrison, Esq.
> Thomas A. Willis, Esq.
> Margaret Prinzing, Esq.
> Remcho, Johansen & Purcell
> 201 Dolores Avenue
> San Leandro, CA 94577
> Fax: (510) 346-6201

[ X ]BY MAIL
  I caused such envelope to be deposited in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[ ]BY PERSONAL SERVICE
  I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto. A proof of service executed by the delivery person will be mailed under separate cover.

[ ]BY OVERNIGHT MAIL/COURIER
  To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[ ]BY ELECTRONIC MAIL
  To expedite the delivery of the above-named document, said document was sent via electronic mail for delivery to the above-listed party.

[ x ]BY FACSIMILE ("FAX")
  In addition to the manner of proof of service indicated above, a copy was sent by FAX to the above-listed party.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on **September 18, 2007**, at Sacramento, California.

/s/
Aleks Chernyy

- 3 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERIM FEE AWARD