UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRIS LUSBY TAYLOR, NANCY A.
PEPPLE-GONSAVLES, GARY KESSELMAN,
SUSAN SWINTON, DAWN E. STRUCK,
and WILLIAM J. PALMER, as
taxpayers, and on behalf of
themselves and other persons
similarly situated,

        NO. CIV. S-01-2407 WBS GGH

    Plaintiffs,

  v.

        ORDER RE: MOTION TO DISSOLVE
        PRELIMINARY INJUNCTION

JOHN CHIANG, in his capacity
as CONTROLLER OF THE STATE OF
CALIFORNIA, and STEVE WESTLY,
individually,

    Defendants.

----oo0oo----

        Currently before the court is defendant John Chiang's motion to dissolve the court's preliminary injunction order of June 1, 2007. Taylor v. Chiang, Case No. 01-2407, 2007 WL

1

1628050 (E.D. Cal. Jun. 1, 2007).

I.   Factual and Procedural History

      Plaintiffs Chris Lusby Taylor, Nancy A. Pepple-Gonsalves, Gary Kesselman, Susan Swinton, Dawn E. Struck, and William J. Palmer ("plaintiffs") filed a complaint on behalf of themselves and other persons similarly situated on December 31, 2001, challenging the constitutionality of California's Unclaimed Property Law, California Code of Civil Procedure sections 1300 et seq. ("UPL"). On June 26, 2002, Judge Frank C. Damrell granted defendants' motion to dismiss based on Eleventh Amendment immunity. Plaintiffs appealed that order, and the Ninth Circuit vacated the dismissal and remanded the matter to this court. Taylor v. Westly, 402 F.3d 924 (9th Cir. 2005) (hereinafter referred to as "Taylor I").

      On June 2, 2005, plaintiffs filed a motion for a temporary restraining order and preliminary injunction, asking this court to enjoin enforcement of the UPL. On June 22, 2005, Judge Damrell recused himself and the matter was reassigned to the undersigned. (June 22, 2005 Order.) On August 16, 2005, this court denied plaintiffs' motion for a preliminary injunction. (Aug. 16, 2005 Order.) Plaintiffs appealed this court's denial to the Ninth Circuit, which, on April 30, 2007, reversed and remanded with instructions to grant a preliminary injunction consistent with its order. See Taylor v. Westly, 488 F.3d 1197, 1202 (9th Cir. 2007) (hereinafter referred to as "Taylor II").

      On June 1, 2007, this court enjoined defendant John Chiang, and his agents and employees from accepting, taking title

to, or possessing any property as well as selling, converting, or destroying any property pursuant to the UPL until he "promulgated regulations providing for fair notice to the owner and public, satisfactory to and approved by this court."

On August 21, 2007, the California Legislature passed Senate Bill 86. (Ball Decl. Ex. A ("hereinafter S.B. 86").) Because the bill contains an urgency clause and the Legislature passed it by a vote of two-thirds, the bill went into effect immediately when California Governor Arnold Schwarzenegger signed it on August 24, 2007. See Cal. Const., art. IV, § 8(c)(3). On September 5, 2007, defendants filed this motion to dissolve the injunction.[1]

II. Discussion

A. Legal Standard

"To obtain a preliminary injunction, the moving party must demonstrate either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships sharply favors the moving party. These are not separate tests, but are the ends of a continuum; the greater the relative hardship to the moving party, the less probability of success must be shown." Nat'l Ctr. for Immigrants Rights, Inc. v. I.N.S., 743 F.2d 1365, 1369 (9th Cir. 1984) (internal citations omitted).

Once a preliminary injunction is issued, district courts have "wide discretion" to modify it. System Fed'n No. 91

---

[1] This courts June 1, 2007 order allowed the defendants to petition the court to modify the injunction by motion, pursuant to Local Rule 78-230.

3

1 Ry. Emp. Dep't v. Wright, 364 U.S. 642, 648 (1961) (holding that
2 a district court has "wide discretion" to modify an injunction
3 upon changed circumstances or new facts); see also Tanner Motor
4 Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 810 (9th Cir. 1963)
5 (same).  A district court retains the power to modify a
6 preliminary injunction at any time upon the consideration of new
7 facts.  See A&M Records v. Napster, Inc., v. Napster, Inc., 284
8 F.3d 1091, 1098 (9th Cir. 2002) (affirming modification of a
9 preliminary injunction upon the consideration of new facts).

      B.    Adequacy of S.B. 86

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). In Taylor II, the Ninth Circuit wrote that "'due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action and afford [him] an opportunity to present [his] objections."'" 488 F.3d at 1201 (quoting Jones v. Flowers, 547 U.S. 220, 226 (2006)) (further quotations omitted).

Additionally, the Supreme Court has advised lower courts that the standard for what constitutes reasonable notice is both flexible and fact specific. Mullane, 339 U.S. at 314-15 ("if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied"). However, "[t]he means employed

4

must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Id. at 315. Further, "[t]he reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected [citations omitted] or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." Id.

This court's order of June 1, 2007 advised defendants that "[o]nly if the court approves the sufficiency of the new regulations as consistent with Taylor I and Taylor II will the restrictions of this preliminary injunction be modified or withdrawn." The task for the court now is to determine whether S.B. 86 is consistent with Taylor I and Taylor II, and whether its unfettered enforcement would irreparably harm plaintiffs until such time as the court may address the merits of this matter. For the reasons discussed below, the court concludes that S.B. 86, as it is being implemented by the Controller, satisfies the Constitution, and the court will therefore dissolve the June 1, 2007 injunction.

Taylor II found that notice to the property owner must "be given before an individual's control of his property is disturbed." 488 F.3d at 1201. Further, the Ninth Circuit firmly rejected the argument that pre-transfer notice by the holder is constitutionally sufficient. S.B. 86 remedies the problems identified in Taylor II by providing actual pre-transfer notice. S.B. 86 mandates that the Controller send direct mail notice

5

1 either to the address supplied by the Franchise Tax Board if it
2 differs from the one on the holder's report, or to the address
3 given by the holder.  S.B. 86, § 2 at 8 (amendments to Cal. Civ.
4 Proc. Code § 1531).  This notice must be sent at least 45 days
5 (and 60 days before the deadline for transfer) before the holder
6 can transfer the property to the Controller.  Id., §§ 2, 4 at 8,
7 9-10 (amendments to Cal. Civ. Proc. Code §§ 1531, 1532).

8       Morever, the Controller has committed to continue to
9 maintain a searchable website, which lists unclaimed property by
10 owner's name and address, and which has received more than a
11 billion visits between July 2006 and April 2007.  (1st Huarte
12 Decl. in Supp. of Def.'s Mot. ¶ 3.)  At oral argument, counsel
13 defendants assured the court that the names are published on the
14 website before any property is transferred to the Controller.[2]
15 This form of publication satisfies Mullane as what a reasonable
16 person who actually is desirous of providing notice would do to
17 provide notice to those for whom the Controller does not have an
18 address or for whom mail is returned.[3]  The searchable internet
19 site is every bit as good or even better than the newspaper
20 publication notice California required in the pre-1968 law, which
21 plaintiffs' attorney has conceded provided constitutionally
22 sufficient notice.

---

[2] Once property is transferred to the Controller, owners have a minimum of an additional 10-1/2 months to claim it before it is converted to cash and a minimum of 18 months to claim it if it has no apparent commercial value.  S.B. 86, §§ 5, 6 at 12-14 (amendments to Cal. Civ. Proc. Code §§ 1563, 1565).

[3] Counsel for defendants affirmed at oral argument, and plaintiffs do not contradict, that only about 3% of property reported by the holders does not have address information of any sort.

6

In <u>Taylor II</u>, the Ninth Circuit noted that California has not taken "any action to remedy the constitutional problem with its escheat statute" despite having these precise issues addressed in <u>Taylor I</u> and <u>Suever v. Connell</u>, 439 F.3d 1142 (9th Cir. 2006). 488 F.3d 1202. With the enactment of S.B. 86, that is no longer the case. S.B. 86 and the Controller's commitment to provide a searchable website satisfies constitutional due process.

Plaintiffs' argument that the Controller should be ordered to promulgate regulations under California's Administrative Procedure Act is not appropriately addressed to this court. Even if plaintiffs were correct that state law requires the Controller to promulgate regulations, the Eleventh Amendment bars this court from ordering state officials to comply with state law. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 124-25 (1984); <u>Taylor II</u>, 488 F.3d at 1202.

Plaintiffs' complaints regarding the legislation being proposed by Senator Machado, specifically S.B. 919, are premature. The legislature has not yet acted on any proposals. The court must wait until legislation has been enacted before ruling on its constitutionality and considering wither a preliminary injunction would need to be reimposed. Similarly, plaintiffs' allegations that it normally takes years to process a request to return property is contradicted by evidence supplied by the Controller's office. As Robert Huarte declares, the backlog has been greatly reduced and should be eliminated by the end of the year. (2d Huarte Decl. in Supp. of Def.'s Mot. ¶ 4.) Given the Huarte Declaration, plaintiffs' reliance on a 2003

7

State Auditor's report is simply not persuasive evidence as to the <u>current</u> state of the Controller's office.

Whenever called upon to enjoin the actions of state officials, this court must be mindful of the basic principles of comity and federalism. <u>See</u> <u>Gomez v. Vernon</u>, 225 F.3d 1118, 1128 (9th Cir. 2001) (citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 499 (1974) ("proper balance in the concurrent operation of federal and state courts counsels restraint against the issuance of injunctions against state officers")). California has taken action in response to this court's order. S.B. 86 appears to provide notice reasonably calculated to inform property owners of the impending seizure of their property and significantly lessens the likelihood of irreparable harm to plaintiffs. Moreover, plaintiffs' likely success on a challenge to the constitutionality of S.B. 86 is significantly less than their challenge to the practices of the Controller's office prior to enactment of S.B. 86. Accordingly, the Controller is entitled to have this court's injunction dissolved.

IT IS THEREFORE ORDERED that defendant John Chiang's motion to dissolve the court's June 1, 2007 injunction be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that the court's order of June 1, 2007 be, and the same hereby is, VACATED.

DATED: October 17, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8