1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRIS LUSBY TAYLOR, NANCY A.
PEPPLE-GONSALVES, GARY
KESSELMAN, SUSAN SWINTON, DAWN
E. STRUCK, and WILLIAM J.
PALMER, as taxpayers, and on
behalf of themselves and other
persons similarly situated,

NO. CIV. S-01-2407 WBS GGH

Plaintiffs,

v.

ORDER RE: MOTION FOR INTERIM
FEE AWARD

JOHN CHIANG, in his capacity
as CONTROLLER OF THE STATE OF
CALIFORNIA, and STEVE WESTLY,
individually,

Defendants.

----oo0oo----

Plaintiffs move for an interim award of attorneys' fees

1

and costs pursuant to 42 U.S.C. § 1988.[1]  The motion will be
denied for two reasons: *first*, the court does not find that
plaintiffs are "prevailing parties" at this time; *second*, even if
plaintiffs were found to be prevailing parties, the court would
not exercise its discretion at this time to award interim fees.

Discussion

A "court, in its discretion, may allow the prevailing
party . . . a reasonable attorney's fee as part of the costs."
42 U.S.C. § 1988(b).  The United States Supreme Court has held
that this discretion includes the ability to award fees while the
action is pending, but "only when a party has prevailed on the
merits of at least some of [its] claims."  Hanrahan v. Hampton,
446 U.S. 754, 757-58 (1980).

A.  Prevailing Party

A litigant is deemed a "prevailing party" for purposes
of awarding an interim fee award when he has obtained a judgment
on the merits, a settlement agreement enforced through a consent
decree, or some other "judicially sanctioned change in the legal
relationship of the parties."  Buckhannon Bd. & Care Home, Inc.
v. West Virginia Dept. of Health and Human Res., 532 U.S. 598,
605 (2001).  Plaintiffs argue that the preliminary injunction
effectively induced a judicially sanctioned change in the legal

---

[1]    This motion was filed on September 18, 2007.  Though
plaintiffs have since filed a notice of appeal on separate
aspects of the same underlying action, (Docket No. 135.), the
instant motion remains within the jurisdiction of the district
court.  See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470
U.S. 373, 379 (1985) (citing Griggs v. Provident Consumer Disc.
Co., 459 U.S. 56, 58 (1982) (per curiam)) ("[F]iling of a notice
of appeal confers jurisdiction on the court of appeals and
divests the district court of control over those aspects of the
case involved in the appeal.") (emphasis added).

1    relationship between themselves and defendants, and therefore

2    they have obtained final success at an interlocutory stage of the

3    litigation.

4           However, the United States Supreme Court has explicitly

5    denied awarding interim fees that stem from voluntary action on

6    behalf of the government.  See Buckhannon, 532 U.S. at 600, 621

7    (holding that "prevailing party" in fee-shifting provisions does

8    not "includ[e] a party that has failed to secure a judgment on

9    the merits or a court-ordered consent decree, but has nonetheless

10   achieved the desired result because the lawsuit brought about a

11   voluntary change in the defendant's conduct."); Mantolete v.

12   Bolger, 791 F.2d 784, 786 (9th Cir. 1986) (upholding fee award

13   only where decision imposes "specific, affirmative obligations"

14   on government to comply with court orders as opposed to

15   permitting voluntary action).

16          Here, the preliminary injunction did not affirmatively

17   direct defendants to undertake specific steps or procedures, but

18   instead allowed the California state legislature to voluntarily

19   amend their notice provisions in a manner that "provid[es] fair

20   notice to the owner and public."  (June 1, 2007 Order 11: 2-10.)

21   The eventual choice to amend the notice provisions was one of

22   several options available to defendants, who could have chosen to

23   proceed to a full trial on the merits or strike the notice

24   provisions altogether.[2]  Accordingly, denoting plaintiffs as

25

26          [2]  Tellingly, plaintiffs implicitly negate their argument
     that they are prevailing parties by continuing to claim that even
27   the amended provisions violate due process.  (Docket No. 135)
     (plaintiffs' notice of appeal from this court's October 17, 2007
28   Order dissolving preliminary injunction); see also Texas State

                                    3

1  prevailing parties at this stage of the litigation appears

2  premature.

3      B.   Discretion to Award Interim Fees

4          Even if plaintiffs were to qualify as prevailing

5  parties, the court would not exercise its discretion to award

6  interim attorneys fees under 41 U.S.C. § 1988.  While the Ninth

7  Circuit has not directly addressed the issue of what

8  considerations should guide a court in exercising its discretion

9  to award interim fees, courts may seek guidance from cases

10  construing other statutes allowing for an award of attorney's

11  fees.  See Mantolete, 791 F.2d at 785-86 (examining other

12  statutes with fee award provisions for assistance in discerning a

13  similar provision under the Rehabilitation Act of 1973; Hall v.

14  Bolger, 768 F.2d 1148, 1151 (9th Cir. 1985) (same).

15          Policies underlying the enactment of fee award

16  provisions include facilitating citizen access to the courts by

17  providing counsel with an incentive to take cases and

18  discouraging government delaying tactics.  Powell v. U.S. Dept.

19  of Justice, 569 F. Supp. 1192, 1200 (N.D. Cal. 1983).  In light

20  of these purposes, the court should consider the degree of

21  hardship which delaying a fee award until the litigation is

22  finally concluded would work on plaintiff and his or her counsel,

23  Bradley v. Richmond School Bd., 416 U.S. 696, 723 (1974), and

24  whether there is unreasonable delay or use of illegitimate

25

26  Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792
   (1989) ("At a minimum, to be considered a prevailing party within
27  the meaning of § 1988, the plaintiff must be able to point to the
   resolution of a dispute which changes the legal relationship
28  between itself and the defendant.") (emphasis added).

tactics on the government's part.   <u>Powell</u>, 569 F. Supp. at 2000.

1.   <u>Degree of Hardship</u>

Plaintiffs have not persuaded the court that a significant degree of hardship would result from denial of an interim fee award.   Outside of a blanket statement asserting "that the litigation has consumed enormous amounts of plaintiffs' counsel resources, thus creating a significant financial hardship for their counsel," (Pls.' Mem. in Supp. of Mot. for Att'ys Fees 10: 26-28.), plaintiffs provide little proof of actual hardship. Instead, in this case where there has not been any discovery taken--not a single deposition or interrogatory--much less any evidentiary hearing or trial on the merits, plaintiffs offer an inadequate set of documents[3] in support of their request for

---

[3]   Plaintiffs' submissions supporting their fee requests are riddled with inconsistencies, excessive compensation, and improper billing.   For instance, plaintiffs now request fees related to their two appeals, but the Ninth Circuit has held that parties must seek their fees for appellate work in the Ninth Circuit, or file a timely motion with the Ninth Circuit to transfer consideration of the issue to the District Court. <u>Cummings v. Connell</u>, 402 F.3d 936, 947-48 (9th Cir. 2005) (citing Ninth Circuit Rules 39-1.6 & 39-1.8).
Further, plaintiffs' list administrative activities such as arranging travel, copying and serving documents, organizing files, and creating hearing binders under attorneys' rates and thus seemingly billed at $350 to $400 an hour.   <u>See Trustees of Constr. Indus. & Laborers' Health & Welfare Trust v. Redland Ins. Co.</u>, 460 F.3d 1253, 1257 (9th Cir. 2006) (secretarial work is compensable at the market rate for those services, and only if it is customary to bill separately for such services in their legal market); <u>see also Lipsett v. Blanco</u>, 975 F.2d 934, 940 (1st Cir. 1992) ("[C]lerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them.").
Also listed on the time sheets are billings for various interactions with the media, fees which the Ninth Circuit has held should not be awarded because "media contact" is the kind of activity "that attorneys generally do at their own expense." <u>Gates v. Gomez</u>, 60 F.3d 525, 535 (9th Cir. 1995); <u>see also Agster v. Maricopa County</u>, 486 F. Supp. 2d 1005, 1016 (D. Ariz. 2007)

compensation for an astonishing 6,947.2 hours of attorney time at rates of $400 and $350 per hour.

Plaintiffs have made no credible showing of what portion of the claimed time was spent in the prosecution of the claim upon which they claim to have prevailed.  If a plaintiff prevails on one claim but not another claim "that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee."  Hensley v. Eckerhart, 461 U.S. 424, 440 (1983).[4]  Here, plaintiffs have brought a complex civil rights action involving numerous challenges to institutional practices

---

("[A]n award of attorneys' fees should not include amounts for contact with the media.").  In addition, the submitted time sheets include entries with short-hand descriptions like "Legal Research" and "Emails from and to associates."  See Wininger v. SI Management L.P., 301 F.3d 1115, 1126 (9th Cir. 2002) (asserting that such brevity "patently fall[s] short of the requirement" that "[t]he party petitioning for attorneys' fees bears the burden of submitting detailed time records justifying the hours claimed to have been expended").

Finally, the time sheets make it nearly impossible to delineate the respective contributions from individual lawyers in their representation of plaintiffs.  Instead, entries of the various lawyers' "contributions" repeatedly appear side by side with almost identical descriptions of the time spent, creating an appearance of duplicative hours that may necessitate fee reductions.  See Jones v. Wild Oats Markets, Inc., 467 F. Supp. 2d 1004, 1015 (S.D. Cal. 2006) (noting that reduced fee awards may be warranted where the record fails to "reflect[] the distinct contribution of each lawyer to the case").

[4]  Limiting fee awards according to the degree of success is particularly important in complex civil rights litigation like the instant action because they involve numerous challenges to institutional practices or conditions.  Hensley, 462 U.S. at 436.  These cases are notoriously long and time consuming, and even if plaintiffs succeed in identifying some unlawful practices, "the range of possible success is vast.  That the party is a 'prevailing party' therefore may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved."  Id.

1  or conditions.[5]  The additional claims and allegations are

2  unrelated to plaintiffs' notice claim--i.e. the single claim they

3  contend that they have "prevailed" upon.  Thus, an interim fee

4  award based on the entirety of plaintiffs' efforts would--in

5  contravene of established precedent--undoubtedly compensate them

6  for hours and costs expended on unrelated claims.

7          2.  <u>Unreasonable Delay or Use of Illegitimate Tactics</u>

8          Plaintiffs contend the protracted and repetitive nature

9  of defendants' litigation strategy is calculated to gain an

10 unfair bargaining advantage over plaintiffs with purported

11 limited resources, and thus should constitute a 60% enhancement

12 of their fees.  (Palmer Decl. ¶ 14.)  Plaintiffs offer no

13 substantive support for this conclusory assertion.  The Ninth

14 Circuit has definitively stated that diligent advocacy on behalf

15 of the government will not presumptively constitute dilatory

16 tactics supporting the enhancement of a hypothetical fee award.

17 <u>See</u> <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1215 (9th

18 Cir. 1985) ("[W]e cannot agree that a government entity's

19 sometimes overzealous defense of a case, absent some evidence of

20 intentional misconduct, warrants an enhancement of a fee

21 award.").

22     In its entirety, plaintiffs' motion for interim

23 attorneys' fees and costs is devoid of meritorious showing of

24

25      [5]    The First Amended Complaint includes the following
   eight claims: (1) declaratory relief; (2) violations of federal
26 due process rights; (3) violations of federal securities laws;
   (4) violations of California's Unclaimed Property Law; (5)
27 injunctive relief; (6) an accounting; (7) attorneys fees and
   common fund; and (8) a taxpayer action. (First Amended Complaint
28 ("FAC").)

1  hardship and/or dilatory litigation tactics on the part of

2  defendants.  Accordingly, the court will not exercise its

3  discretion to grant plaintiffs' motion for interim attorneys'

4  fees and costs to be paid at this time by defendants.

5          IT IS THEREFORE ORDERED that plaintiffs' motion for

6  interim attorneys' fees and costs be, and the same hereby is,

7  DENIED.

8  DATED: October 30, 2007

9

10  _____

11  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8