UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRIS LUSBY TAYLOR, NANCY A. PEPPLE-GONSALVES, GARY KESSELMAN, SUSAN SWINTON, DAWN E. STRUCK AND WILLIAM J. PALMER, on behalf of themselves and other persons similarly situated,

      Plaintiffs,

  v.

JOHN CHIANG, in his official capacity as CONTROLLER OF THE STATE OF CALIFORNIA, and STEVE WESTLY, individually

      Defendants.

NO. CIV. S-01-2407 WBS GGH

<u>NOTICE OF NONRECUSAL</u>

----oo0oo----

This court has reviewed the Motion for Reassignment to a Different Judge Upon Remand, which was filed on in the United States Court of Appeals for the Ninth Circuit, on May 30, 2008, in consolidated appeals Nos. 07-16902 and 07-17223,[1] and finds nothing therein which would compel disqualification of the

---

[1] That motion was denied by the Court of Appeals on June 11, 2008.

1

undersigned judge.

The motion points out that the brother and sister-in-law of the undersigned judge are listed as owners of "unclaimed" property on the Controller's web site.[2]  Upon reviewing the pages of the web site attached by plaintiff, the court further notes that a daughter of the undersigned judge is also listed.  This does not compel disqualification under 28 U.S.C. § 455(b)(4), because none of the listed individuals is a "spouse or minor child residing in [the] household" of the undersigned judge.

Nor is recusal mandated by 28 U.S.C. § 455(b)(5), because putative class members are not "parties" to this proceeding (Tramonte v. Chrysler Corp., 136 F.3d 1025, 1030 (5th Cir. 1998; New Orleans Pub. Serv. v. United Gas Pipe Line Co., 719 F.2d 733, 735 (5th Cir. 1983)), and the potential of recovering amounts of $189.00, $63.37, $75.18, and $50.00, respectively, which they may claim at any time with or without this lawsuit, can hardly be construed as "an interest that could be substantially affected by the outcome of the proceeding."

Finally, recusal is not compelled under 28 U.S.C. § 455(a), because the court cannot conclude that these facts would cause the impartiality of the undersigned judge to reasonably be questioned.

The remaining arguments in plaintiffs' motion address rulings which the court has made in this case to date.  Those rulings, and the reasons for them, are set forth in the written orders on file in this case.  Suffice it to say that nothing the

---

[2]   http://scoweb.sco.ca.gov.

court has said or done in this case displays anything close to the kind of "deep-seated and unequivocal favoritism or antagonism that would make fair judgment impossible." See Liteky v. United States, 510 U.S. 540, 541, 555, 556 (1994).

The issues to be addressed in the pending and future motions in this case are not entirely divorced from those upon which the undersigned judge has already invested a substantial amount of time. For example, the pending motion for interim attorney's fees will require the court to examine the time and work involved in connection with the very motions which the undersigned judge has heard and considered. Reassignment to another judge at this stage would result in an unnecessary duplication of judicial time and effort.

For the foregoing reasons, the undersigned judge declines to recuse himself from this proceeding.

DATED: June 18, 2008

/s/ William B. Shubb
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE