IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS LUSBY TAYLOR, et al.,

    Plaintiffs,

  v.                                NO. CIV. S-01-2407 WBS GGH

JOHN CHIANG, et al.,

                                    SUMMARY ORDER

    Defendants.

_____/

      Previously pending on this court's calendar for November 12, 2008, was defendant's motion to compel discovery regarding interim attorneys' fees. William Palmer represented plaintiffs. Robin Johansen appeared for defendants. After reviewing the motion and opposition and the parties' joint stipulation, filed November 17, 2008, the court now issues the following order. The court also schedules the remainder of briefing in regard to plaintiffs' motion for interim attorneys' fees.

    I. <u>Defendants' Motion to Compel Discovery</u>

      Defendants had originally moved to compel production of documents reflecting time spent by plaintiffs' counsel between January 2, 2001 and July 31, 2008 on seven matters, redacted as necessary; all documents reflecting time spent by attorney Boydston between July 22, 2002 and September 13, 2007, on the seven matters identified; and all documents supporting

plaintiff's request for costs in the amount of $58,743.13.  All of the aforementioned matters have now been resolved either by the parties' stipulation or by court order at hearing, as summarized below.

Costs

Defendants represented at hearing that plaintiffs produced satisfactory evidence of costs late in the day on November 10, 2008.  This issue has been resolved.

Premiums for Obtaining Extraordinary Results

Defendants had sought evidence supporting Palmer's and Boydston's claims in their declarations that they are typically paid a premium for obtaining extraordinary results for their clients, and they are familiar with other firms who receive such premiums.  See docket # 116 at 4-5, # 120 at 8.  Based on the parties' agreement at hearing that plaintiffs would withdraw these statements, the court denied this discovery, and stated it would not consider these statements in counsels' declarations.

Evidence of Lost Opportunities

Defendants had sought evidence to support plaintiffs' claim that this case deprived Palmer and Boydston from taking on other work.  This evidence is probative, but as Palmer represented at hearing, he would have to create this discovery as he has no documents reflecting this assertion.  Although a party should not be tasked with creating discovery, plaintiffs' counsel has the burden on the motion for interim fees.  The declarations as submitted most likely will not meet this burden.  Therefore, the court directed that if plaintiffs seek to produce declarations regarding work they did not accept as a result of this case, they were to do so no later than five days from the November 12, 2008 hearing.

Billing Records in Other Cases

Defendants had sought billing records in seven other cases brought by this counsel.  In support of this request, they claim to know of about 150 hours billed in this case that are clearly related to other matters and suspect there are more.

At hearing, the parties agreed that all hours claimed by Boydston would be excluded from plaintiffs' fee request.  In regard to other hours, the court ordered the parties to file a stipulation within five days from the November 12th hearing, attaching the Prinzing email outlining defendants' latest offer.  That stipulation was timely filed.  The terms of the parties' agreement are outlined therein.  (Docket #193.)

Based on the joint stipulation filed November 17, 2008, and the court's orders at hearing, defendants' motion to compel discovery is granted in part as set forth above.

II. Scheduling

As ordered at hearing, defendants' opposition to plaintiffs' application for interim attorneys' fees shall be filed within 25 days of the November 12, 2008 hearing.[1]  Plaintiffs may file a reply within one week after defendants file their opposition.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion to compel discovery, filed October 10, 2008, is granted in part as set forth in this order.

2. Defendants shall file their opposition to plaintiffs' application for interim attorneys' fees within 25 days of November 12, 2008.

3. Plaintiffs may file a reply within one week after defendants file their opposition.

DATED: 11/19/08                                    /s/ Gregory G. Hollows

                                                   GREGORY G. HOLLOWS
                                                   U.S. MAGISTRATE JUDGE

GGH:076
Taylor2407.dsy

---

[1] The court's order on scheduling supersedes any agreement to an earlier date outlined in Ms. Prinzing's email and agreed to by the parties.