1  ROBIN B. JOHANSEN, State Bar No. 79084
   MARGARET R. PRINZING, State Bar No. 209482
2  REMCHO, JOHANSEN & PURCELL
   201 Dolores Avenue
3  San Leandro, CA  94577
   Phone: (510) 346-6200
4  Fax: (510) 346-6201
   Email: mprinzing@rjp.com
5
   Attorneys for Defendants John Chiang and Richard Chivaro
6



FILED

NOV 14 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRIS LUSBY TAYLOR, NANCY A. PEPPLE-GONSALVES, SUSAN SWINTON, DAVID KESSELMAN (deceased), WILLIAM J. PALMER (deceased), DON H. PERRI, JENNIFER WALSH, MARK MacAULEY and MARY A. STEELE,

On behalf of themselves and other persons similarly situated,

    Plaintiffs,

vs.

JOHN CHIANG, individually and in his capacity as STATE CONTROLLER OF THE STATE OF CALIFORNIA and RICHARD CHIVARO, individually,

    Defendants.

No.: CIV. S-01-2407 JAM GGH

[~~PROPOSED~~] ORDER GRANTING MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Hearing:

Date: October 3, 2012
Time: 9:30 a.m.
Courtroom: 6

(The Honorable John A. Mendez)

[PROPOSED] ORDER GRANTING MOT. TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6) – NO. CIV. S-01-2407 JAM GGH

Plaintiffs' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) came on for hearing on October 3, 2012, at 9:30 a.m. in Courtroom 6 of the United States District Court, Eastern District, the Honorable John A. Mendez, presiding. Plaintiffs Chris Lusby Taylor, et al. appeared by and through their counsel, Robert A. Buccola, C. Brooks Cutter, Lori M. Porter, and William W. Palmer. Defendants John Chiang, et al. appeared by and through their counsel, Robin B. Johansen and Margaret R. Prinzing of Remcho, Johansen & Purcell, LLP.

The Court, having reviewed the record, having read and considered the supporting and opposing points and authorities, and having heard and considered the arguments of counsel, and good cause appearing, finds and orders that Defendants' Motion to Dismiss is GRANTED.

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' First Claim is dismissed without leave to amend on the grounds that:

    (a) the Due Process Clause of the United States Constitution does not require the Controller to search through multiple government databases to find addresses for owners of unclaimed property to use for pre- or post-escheat direct mail notice or when the Controller's pre-escheat direct mail notice is returned unopened;

    (b) the Due Process Clause of the United States Constitution does not require the State of California to provide a minimum level of funding or minimum staffing level for the Controller's Locator Unit;

    (c) an alleged pecuniary interest on the part of a private corporation that has contracted with the Controller's Office to design an automated notice system does not state a claim for a violation of the Due Process Clause of the United States Constitution; and

    (d) the Due Process Clause of the United States Constitution does not require the Controller to provide more notice to the apparent owners of unclaimed property valued at less than $50 than the notice he provides to such owners.

2. Plaintiffs' Second Claim is dismissed without leave to amend on the grounds that:

    (a) the Due Process Clause of the United States Constitution does not require the Controller to search through multiple government databases to find addresses for owners of

[PROPOSED] ORDER GRANTING MOT. TO
DISMISS PURSUANT TO FED. R. CIV.
PROC. 12(b)(6) – NO. CIV. S-01-2407 JAM GGH

1

unclaimed property to use for pre- or post-escheat direct mail notice or when the Controller's pre-escheat direct mail notice is returned unopened;

   (b) the Due Process Clause of the United States Constitution does not require the State of California to provide a minimum level of funding or minimum staffing level for the Controller's Locator Unit;

   (c) an alleged pecuniary interest on the part of a private corporation that has contracted with the Controller's Office to design an automated notice system does not state a claim for a violation of the Due Process Clause of the United States Constitution; and

   (d) the Due Process Clause of the United States Constitution does not require the Controller to provide more notice to the apparent owners of unclaimed property valued at less than $50 than the notice he provides to such owners.

  3. Plaintiffs' Third Claim is dismissed without leave to amend on the grounds that:

   (a) plaintiffs have failed to state a claim for a violation of any right under the Due Process Clause of the United States Constitution based on the Controller's alleged failure to provide post-escheat remedies other than those provided by section 1540 of the Code of Civil Procedure;

   (b) plaintiffs have no federal right to a jury trial in civil cases in state court;

   (c) plaintiffs have no federal right to a minimum statute of limitations to bring suit in state court; and

   (d) the Eleventh Amendment of the United States Constitution bars claims based on the defendants' alleged failure to comply with state law.

  4. Plaintiffs' Fourth Claim is dismissed without leave to amend on the ground that the Eleventh Amendment of the United States Constitution bars claims that are based on the defendants' alleged failure to comply with state law.

  5. Plaintiffs' Fifth Claim is dismissed without leave to amend on the ground that plaintiffs have failed to allege that the Controller provides less notice than that which is required by the United States Constitution, for the following reasons:

1        (a)    the Due Process Clause of the United States Constitution does not require the Controller to search through multiple government databases to find addresses for owners of unclaimed property to use for pre- or post-escheat direct mail notice or when the Controller's pre-escheat direct mail notice is returned unopened;

(b)    the Due Process Clause of the United States Constitution does not require the State of California to provide a minimum level of funding or minimum staffing level for the Controller's Locator Unit;

(c)    an alleged pecuniary interest on the part of a private corporation that has contracted with the Controller's Office to design an automated notice system does not state a claim for a violation of the Due Process Clause of the United States Constitution;

(d)    the Due Process Clause of the United States Constitution does not require the Controller to provide more notice to the apparent owners of unclaimed property valued at less than $50 than the notice he provides to such owners;

(e)    the Due Process Clause of the United States Constitution does not require the Controller to publish the names of the apparent owners of unclaimed property in the newspaper notices required by the UPL;

(f)    the Due Process Clause of the United States Constitution does not require the Controller to provide additional notice to unclaimed property owners who are foreign nationals; and

(g)    plaintiffs have failed to state a claim for a violation of any right under the Due Process Clause of the United States Constitution based on the Controller's alleged failure to provide post-escheat remedies other than those provided by section 1540 of the Code of Civil Procedure.

6.    Plaintiffs' Sixth Claim is dismissed without leave to amend on the ground that the Eleventh Amendment of the United States Constitution bars claims that are based on the defendants' alleged failure to comply with state law and prohibits plaintiffs from seeking damages in the form of restitution from the State.

7. Plaintiffs' Seventh Claim is dismissed without leave to amend on the grounds that:

    (a) *Taylor v. Westly*, 402 F.3d 924 (9th Cir. 2005) ("*Taylor I*") and *Suever v. Chiang*, 579 F.3d 1047 (9th Cir. 2009) ("*Suever II*") foreclose the claim that the transfer and/or sale of property under the UPL violate the Fifth Amendment of the United States Constitution; and

    (b) the State does not owe compensation to the owners of unclaimed property of no commercial value that is destroyed pursuant to the provisions of the UPL, which were upheld in *Taylor v. Westly*, 525 F.3d 1288 (9th Cir. 2008) ("*Taylor III*").

8. Plaintiffs' Eighth Claim is dismissed without leave to amend on the ground that the Eleventh Amendment of the United States Constitution bars claims that are based on the defendants' alleged failure to comply with state law.

9. Plaintiffs' Ninth Claim is dismissed without leave to amend on the ground that plaintiffs have failed to state a claim under the Contracts Clause of the United States Constitution.

10. Plaintiffs' Tenth Claim is dismissed without leave to amend on the ground that the Eleventh Amendment of the United States Constitution bars claims that are based on the defendants' alleged failure to comply with state law.

11. Plaintiffs' Eleventh Claim is dismissed without leave to amend on the grounds that:

    (a) the federal securities laws do not preempt the UPL; and

    (b) the UPL does not interfere with rights protected by the federal securities laws.

12. Plaintiffs' Twelfth Claim is dismissed without leave to amend on the ground that the Eleventh Amendment of the United States Constitution bars claims that are based on the defendants' alleged failure to comply with state law.

13. Plaintiffs' Thirteenth Claim is dismissed without leave to amend on the grounds that:

    (a) the Due Process Clause of the United States Constitution does not require the Controller to search through multiple government databases to find addresses for owners of

1 unclaimed property to use for pre- or post-escheat direct mail notice or when the Controller's pre-
2 escheat direct mail notice is returned unopened;

3     (b)    plaintiffs have failed to state a claim for a violation of any right under the
4 Due Process Clause of the United States Constitution or 42 U.S.C. section 1983 based on the
5 Controller's alleged failure to take additional steps to provide notice to the apparent owners of
6 unclaimed property;

7     (c)    plaintiffs have failed to state a claim for a violation of any right under the
8 Due Process Clause of the United States Constitution or 42 U.S.C. section 1983 based on the
9 Controller's alleged failure to provide post-escheat remedies other than those provided by section 1540
10 of the Code of Civil Procedure;

11     (d)    plaintiffs have failed to state a claim for a violation of 42 U.S.C.
12 section 1983 for taking property from owners of unclaimed property without just compensation;

13     (e)    plaintiffs have failed to state a claim for a violation of any right under the
14 Fifth Amendment or Due Process Clause of the United States Constitution, or the Civil Rights Act
15 of 1871, based on the Controller's alleged use of outside auditors;

16     (f)    plaintiffs have failed to state a claim for a violation of any right under the
17 Contracts Clause of the United States Constitution; and

18     (g)    plaintiffs have failed to state a claim for a violation of any right under the
19 Fifth Amendment or Due Process Clause of the United States Constitution based on an alleged
20 pecuniary interest on the part of the private corporation that has contracted with the Controller's Office
21 to design an automated notice system.

22     14.    Plaintiffs' Fourteenth Claim is dismissed without leave to amend on the ground
23 that plaintiffs have won no relief entitling them to attorneys' fees or the creation of a common fund.

24     IT IS SO ORDERED.

25 DATED: 11-14-2012

                              THE HONORABLE JOHN MENDEZ
                              UNITED STATES DISTRICT COURT JUDGE

28 (00181827-5)